FILED

12 JAN 26 AM 10:05

[stamp] DISTRICT COURT
[stamp] CALIFORNIA

[signature] DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREITAG,<br><br>          Plaintiff,<br><br>vs.<br><br>RURAL/METRO AMBULANCE SAN DIEGO; KENNETH BURT, P10950; and ANDREW LIZARRAGA, I15891,<br><br>          Defendants. | CASE NO. 12-cv-167 – BEN (BGS)<br><br>ORDER:<br><br>(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];<br><br>(2) SUA SPONTE SCREENING AND DISMISSING THE COMPLAINT; and<br><br>(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL, [Doc. No. 3]. |

Plaintiff John Freitag, a non-prisoner proceeding *pro se*, has filed a complaint asserting that his civil rights were violated when paramedics allegedly stole his bags and caused him unnecessary pain. Plaintiff has not paid the required $350 civil filing fee, but has filed a motion to proceed *in forma pauperis*. [Doc. No. 2.] He has also filed a motion to appoint counsel. [Doc. No. 3.]

## DISCUSSION

Despite a plaintiff's failure to prepay the required filing fee, the action may proceed if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). In the present case, having reviewed Plaintiff's declaration in support of his motion to proceed *in forma pauperis*, the Court finds it sufficient to show

that he is unable to pay the fees or post securities required to maintain this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

As currently pleaded, however, Plaintiff's complaint fails to state a claim for relief against Defendants. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss any complaint if at any time the Court determines that it "fails to state a claim on which relief may be granted." This *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." (citation omitted)). In this case, Plaintiff's complaint comprises two paragraphs and, as far as the Court can discern, seeks to recover for the loss of Plaintiff's two bags and unnecessary pain occurring while Plaintiff was being treated by the paramedics. As currently pleaded, the complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Accordingly, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff is granted **thirty (30) days** from the date this Order is filed to file a First Amended Complaint. The amended complaint must be complete in itself, without relying on references to the original complaint.

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED.**

Date: January 15, 2012

Honorable Roger T. Benitez
United States District Judge